**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Genick Bar-Meir,

Plaintiff,

v.

Civil No. 00-2772 (RHK/AJB)
**ORDER**

North American Die Cast Association
MN Chapter 16 (NADCA Chapter 16),
Larry Winkler, and Henry Bakemeyer,

Defendants.

---

Before the Court is the Declaration of Debra J. Stanek, counsel for Defendants North America Die Cast Association MN Chapter 16 (NADCA Chapter 16), Larry Winkler, and Henry Bakemeyer, regarding the recovery of costs and attorneys' fees. By a Memorandum Opinion and Order dated December 20, 2001, the Court directed the Defendants to submit an affidavit "setting forth the costs they seek to recover under § 505 of the Copyright Act. Defendants seek costs totaling $32,038.29. That figure represents $28,862.38 in attorneys' fees and $3,175.91 in costs. Plaintiff Genick Bar-Meir has filed an Objection to the Defendants' Declaration.

Section 505 of the Copyright Act provides that

> [i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may



APR 0 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 0 1 2002
DEPUTY CLERK

> also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Pursuant to § 505, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). "Courts enjoy wide discretion in determining the amount of attorney's fees and costs to be awarded." Martin v. City of Indianapolis, 28 F. Supp. 2d 1098, 1103 (S.D. Ind. 1998) (citing Florin v. Nationsbank of Ga., 60 F.3d 1245, 1247 (7th Cir. 1995)), aff'd, 192 F.3d 608 (7th Cir. 1999). "In determining an award of attorney's fees, 'litigation expenses, such as supplemental secretarial costs, copying, telephone costs, and necessary travel, are integrally related to the work of an attorney . . .' and, thus, are compensable." Superior Form Builders v. Dan Chase Taxidermy Supply, 881 F. Supp. 1021, 1029 (E.D. Va. 1994) (quoting Wheeler v. Durham City Bd. of Educ., 585 F.2d 618, 623-24 (4th Cir. 1978)).

Bar-Meir argues that Defendants should not recover attorneys fees and expenses relating to their claim that he is a vexatious litigant because they failed to prevail on that issue. On November 15, 2001, Ms. Stanek researched "cases regarding declaration of vexatious litigant" and drafted a section of the reply brief regarding that issue. The Court, in its December 20, 2001 Memorandum Opinion and Order, declined to declare Bar-Meir a vexatious litigant.

A defendant is considered a prevailing party in a copyright infringement action

when he or she successfully defends against significant claims that are actually litigated. Repp v. Webber, 892 F. Supp. 552, 560 (S.D.N.Y. 1995). The Court determines that whether Bar-Meir was a vexatious litigant was a significant issue on which the Defendants were not successful. The Court will therefore reduce the requested award of attorney's fees by $810.00, the fees Defendants incurred in connection with that issue.

Bar-Meir also objects to the Defendants' request to be reimbursed for attorneys' fees, including attorney travel time between Minneapolis and Saint Paul, incurred on August 23, 2001. The time entry reads "[t]ravel to St. Paul and prepare for hearing; argue Bar-Meir's motion for santions before Judge Boylan." Bar-Meir argues that the trip on August 23 did not relate to the above-captioned matter, but instead to another lawsuit pending in this Court. The docket in this action, however, reflects that Magistrate Judge Boylan held a hearing on August 23, 2001 on a motion by Plaintiff for sanctions and to compel depositions. (See Doc. No. 29.) The Court concludes that the time entry is properly included in the Defendants' request for fees in this case.

Bar-Meir's remaining objections are without merit. The Court determines, from its review of Ms. Stanek's declaration, that the rates charged by herself and co-counsel were reasonable and the hours spent defending the lawsuit were also reasonable. The Court concludes that the Defendants are entitled to recover from the Plaintiff reasonable attorneys' fees in this matter in the amount of $28,052.38. The Court further concludes that costs in the amount of $3,175.91 are recoverable pursuant to 28 U.S.C. § 1920 and 17

U.S.C. § 505.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS ORDERED** that the Defendants shall have and receive from the Plaintiff, Genick Bar-Meir, costs and attorneys' fees in the amount of thirty-one thousand two hundred twenty-eight dollars and twenty-nine cents ($31,228.29), as provided by statute.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 1, 2002

RICHARD H. KYLE
United States District Judge